UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 11 B 43629 |
| | ) | |
| MARY C. KLAUCK, | ) | Chapter 7 |
|            Debtor. | ) | |
| | ) | |
| DIANE L. LIEWEHR and MARIE S. | ) | |
| BERBERICH, | ) | |
| | ) | Adversary Case No. 12 A 00165 |
|            Plaintiffs, | ) | |
|     v. | ) | |
| | ) | |
| MARY C. KLAUCK, | ) | |
| | ) | |
|            Defendant. | ) | |

## MEMORANDUM OPINION

This Adversary proceeding relates to the Chapter 7 Bankruptcy case filed by debtor-defendant Mary C. Klauck ("Defendant"). Plaintiffs Diane L. Liewehr and Marie S. Berberich ("Plaintiffs") filed a two-count Complaint seeking determination under sections 523(a)(2)(A) [Count I] and (a)(4) [Count II] of the Bankruptcy Code, barring dischargeability of an unliquidated debt assertedly owed by Defendant to Plaintiffs. On June 14, 2012, Count II was dismissed. (Docket No. 19.) Defendant now moves for summary judgment on Count I under Rule 56 Fed. R. Civ. P. (made applicable in bankruptcy by Rule 7056 Fed. R. Bankr. P.). For reasons stated below, that Motion will be allowed.

### JURISDICTION

Jurisdiction lies over this proceeding under 28 U.S.C. § 1334(b), and the proceeding has been referred here by Internal Operating Procedure 15(a) of the District Court. It seeks to

determine dischargeability of debt and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is properly placed in this court under 28 U.S.C. § 1409(a).

## LOCAL RULES 7056-1, 7056-2

Under our Local Bankruptcy Rules, a motion for summary judgment imposes special procedural burdens on the parties that were modeled on our District Court rules. *See* L.R. 7056-1, 7056-2. The motion must be accompanied by a statement of material facts that the moving party contends are undisputed (the "7056-1 Statement"). L.R. 7056-1(A). The 7056-1 Statement must consist of short, numbered paragraphs and must include within each paragraph specific citations to evidentiary material in support of the facts in that paragraph. L.R. 7056-1(B).

The party opposing a motion for summary judgment is required by Local Rule 7056-2 to submit a response (the "7056-2 Response") to each numbered paragraph in the movant's 7056-1 Statement and include, "in the case of any disagreement," specific citations to supporting evidence. L.R. 7056-2(A)(2)(a). Failure to contest the moving party's statement of facts with a 7056-2 Response results in an admission as to those facts. L.R. 7056-2(B); *Zamora v. Jacobs (In re Jacobs)*, 448 B.R. 453, 463 (Bankr. N.D. Ill. 2011).

Defendant in this case has filed a 7056-1 Statement that complies with requirements of the Rule. (Def.'s Rule 7056-1A Stmt., Docket No. 28.) It contains numbered paragraphs setting out assertedly undisputed facts with specific references to supporting evidentiary material. However, while they briefed this Motion, Plaintiffs did not file a 7056-2 Response. Therefore, the facts set forth in Defendant's 7056-1 Statement, being uncontroverted, along with admissions in Defendant's Answer, are the source of facts to be considered here, and those facts are described below.

## UNDISPUTED FACTS AND BACKGROUND

Defendant Mary C. Klauck is debtor in the underlying chapter 7 case. (L.R. 7056-1 Stmt. ¶ 2.) On February 23, 1971, Defendant and her brother, Louis W. Liewehr, became owners of certain real property commonly known as 5928 W. Berenice Avenue, Chicago, Illinois (the "Property") pursuant to a quitclaim deed that granted to each an undivided one-half interest in the Property. (L.R. 7056-1 Stmt. ¶ 3 & Ex. E; Compl. ¶ 7, Docket No. 1.) They continued to share ownership of the Property until October 24, 2003, when a new quitclaim deed was executed (the "2003 Deed"), which conveyed Louis's interest in the Property to Defendant and her son, Daniel Klauck. (L.R. 7056-1 Stmt. ¶ 4 & Ex. F.) Several years later, Louis Liewehr died intestate on December 7, 2009.[1] (Compl. ¶ 8.) Plaintiffs Diane Liewehr and Marie Berberich are the daughters of Louis Liewehr and are heirs to his estate.[2] (L.R. 7056-1 Stmt. ¶ 1; Compl. ¶ 10.)

Prior to his death, Louis had suffered a stroke in 1998, and in 2000 he left Chicago and moved to Wisconsin. (Compl. ¶ 18; Ans. ¶ 18, Docket No. 22.) The 2003 Deed was executed on October 24, 2003, and Louis's signature was attested to by a notary. (L.R. 7056-1 Stmt. Ex. F.) Five days later, Mary Klauck signed the deed in Cook County, Illinois. (*Id.*) The 2003 deed was later recorded with the Cook County Recorder of Deeds on November 8, 2003. (L.R. 7056-1 Stmt. ¶ 4; Compl. ¶ 13.) Thereafter, from 2003 to 2006, Mary and her son Daniel obtained four

---

[1] In answering the Complaint, Defendant initially stated that she was without sufficient information to know whether or not Louis Liewehr died intestate. (Ans. ¶ 8.) However, Defendant later admitted this fact as part of her first affirmative defense, (*id.* at 8), and her attorney represented this fact at a subsequent hearing, (Hr'n Tr. 15, Sep. 10, 2012).

[2] Louis Liewehr also had a son who is said to be mentally disabled and unable to care for himself. (Def. L.R. 7056-1 Stmt. ¶ 1; Compl. ¶ 7.) He is not a necessary party to this Adversary proceeding since determining dischargeability of Plaintiffs' claim would not alter the rights of any other heir.

separate loans secured by the Property and granted to each lender a mortgage interest in the Property. (L.R. 7056-1 Stmt. ¶¶ 5–8.) Each mortgage was recorded with the Cook County Recorder of Deeds. (*Id.*)

According to Plaintiffs, they first learned of the 2003 Deed on or about December 17, 2009, after the death of their father. (Compl. ¶¶ 12, 13.) Plaintiffs allege that their father never signed the 2003 Deed and that his signature had been forged. (Compl. ¶ 28.) Plaintiffs pleaded that this alleged act of forgery was facilitated by Defendant Mary Klauck and her son, Daniel. (*Id.*) On August 5, 2010, Plaintiffs instituted an action in the Chancery Division of the Circuit Court of Cook County, Illinois against Defendant and Daniel Klauck wherein they challenge the 2003 Deed and subsequent loans (the "State Court Action").[3] (L.R. 7056-1 Stmt. ¶ 10.)

While the State Court Action was pending, Defendant filed her voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 27, 2011. (L.R. 7056-1 Stmt. ¶ 11 & Ex. C.) Schedule F of Defendant's bankruptcy petition listed Plaintiff Diane Liewehr as a potential judgment creditor holding a contingent, unliquidated, and disputed claim for $200,000. (L.R. 7056-1 Ex. C 16.) On February 2, 2012, Plaintiffs filed this Adversary proceeding objecting to dischargeability of their claim. (L.R. 7056-1 Stmt. ¶ 14.) It rests on the facts complained of in the State Court Action. In response, Defendant asserted here as an affirmative defense that this proceeding is barred by the applicable statute of limitations under Illinois law. (Ans. 9–10.) The defense of limitations is the basis for Defendant's instant Motion.

---

[3] *Diane L. Liewehr and Marie S. Berberich v. Mary C. Klauck and Daniel Klauck*, No. 2010 CH 33860 (Circuit Ct. of Cook County, Ill. filed Aug. 5, 2010).

## **SUMMARY JUDGMENT STANDARD**

Under Rule 56 Fed. R. Civ. P. "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010).

On a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 507 (7th Cir. 2010). The existence of a factual dispute is material only if the disputed fact is determinative of the outcome under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party. *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 560 (7th Cir. 2011); *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 499–500 (7th Cir. 2008). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

When a motion for summary judgment is based a statute of limitations defense, "summary judgment is only appropriate if (1) the statute of limitations has run, thereby barring plaintiff's claim as a matter of law, and (2) there exist no genuine issues of material fact regarding the time at which plaintiff's claim has accrued and the application of the statute to the plaintiff's claim which may be resolved in plaintiff's favor." *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1219 (7th Cir. 1984). The "party seeking summary judgment always bears the

initial responsibility of informing the . . . court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which [it] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets his initial burden of production, the opposing party may not rest on the mere allegations or denials in its pleadings; rather, its response must provide specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001).

## DISCUSSION

The threshold issue for a non-dischargeability determination is the existence of a debt. *Banks v. Gill Distrib. Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 869 (9th Cir. 2001); *Access Lending Corp. v. Scott (In re Scott)*, Nos. 05 B 16227, 05 A 1677, 05 A 1715, 2006 WL 126757, at *3 (Bankr. N.D. Ill. Jan. 18, 2006). The term "debt" means liability on a claim, 11 U.S.C. § 101(12), and is coextensive with a bankruptcy claim. *Inskeep v. Grosso (In re Fin. Partners, Ltd.)*, 116 B.R. 629, 635 (Bankr. N.D. Ill. 1989). A "claim" is a "right to payment, whether or not such right is reduced to judgment . . . ." 11 U.S.C. § 101(5). The validity of a creditor's claim is determined by state law. *N.I.S. Corp. v. Hallahan (In the Matter of Hallahan)*, 936 F.2d 1496, 1508 (7th Cir. 1991) (citing *Grogan v. Garner*, 498 U.S. 279, 283 (1991)).

Defendant Mary Klauck has moved for summary judgment, arguing that undisputed facts show that the State Court Action was barred by the statute of limitations under Illinois law. If the State Court Action is barred by limitations, it would follow that Plaintiffs would have no claim or

debt on which to seek non-dischargeability. *See In re Orseno*, 390 B.R. 350, 356 (Bankr. N.D. Ill. 2008).

Under Illinois law:

> [A]ctions . . . to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversation thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

735 ILCS 5/13-205 (West 2008). Defendant argues that because Plaintiffs allege an injury that occurred in 2003, their right to bring a claim lapsed in 2008, and therefore, the State Court Action was and is barred by limitations. (Def.'s Mot. for Summ. J. 4, Docket No. 28.) In response, Plaintiffs do not dispute the five-year limitations period but contend that the State Court Action is not barred because under Illinois law the time for filing their claim did not begin to run until they first learned about the allegedly fraudulent deed in December of 2009, which would have made their filing of the State Court Action on August 5, 2010 timely under the five year statute of limitations.[4] (Pls.' Resp. to Def.'s Mot. for Summ. J. 5, Docket No. 31.)

In Illinois, the statute of limitations does not begin to run until the plaintiff knows or reasonably should know of an injury. *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 630–31 (Ill. 1994). Illinois courts often refer to this as the "discovery rule." *See, e.g., id.* The limitations period begins at the point at which an injured party becomes possessed with information sufficient to put a reasonable person on inquiry to determine whether actionable

---

[4] Plaintiffs also argue that Defendant's Motion should be denied because Defendant raised the same limitations defense in her previous Motion to Dismiss, (Docket No. 17), which was denied with respect to Count I of the Complaint in a written order. (*See* Pls.' Resp. to Def.'s Mot. for Summ J. ¶ 16 & Ex. B.) This argument is unavailing. The court order only states that the motion was denied as to Count I "for the reasons stated on the record in open court." (Docket No. 19). Plaintiffs have not shown that this constitutes a final ruling on the limitations issue.

7

conduct is involved. *Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980–81 (Ill. 1981). Application of the discovery rule is ordinarily a question of fact unless the undisputed facts allow for only one conclusion. *Jackson Jordan*, 633 N.E.2d at 631.

Both sides in this case acknowledge applicability of the discovery rule in Illinois. (*See* Mot. for Summ. J. 5; Resp. to Mot. for Summ. J. ¶ 18). However, they both overlook the true nature of Plaintiffs' claim. The Complaint indicates that Plaintiffs' claim is based on Defendant's alleged fraud in connection with execution of the 2003 Deed. (*See* Pls.' Resp. to Def.'s Mot. to Dismiss ¶ 21, Docket No. 13.) Since this alleged fraud affected Louis Liewehr's interest in the Property, the claim would have been his to prosecute had he survived. Plaintiffs are seeking to enforce their father's claim, which they assertedly inherited. In Illinois the "statute [of limitations] runs against the right of action, not the holder thereof." *O'Connell v. Chi. Park Dist.*, 34 N.E.2d 836, 840 (Ill. 1941). Plaintiffs' cause of action therefore originally accrued when their father's cause of action accrued. *See Draper v. Frontier Ins. Co.*, 638 N.E.2d 1176, 1180 (Ill. App. Ct. 1994); *see also Paris v. Morris*, 73 N.E.2d 329, 331 (Ill. App. Ct. 1947) ("The complainant . . . is in no better position to claim a recovery of the property as the heir of [the deceased] than the deceased himself, were he alive . . . ."). In light of the nature of Plaintiffs' claim, the critical issue is when their father, Louis Liewehr, knew or should have known that his property interest was transferred. If Louis's right to set aside the 2003 Deed lapsed before he died, Plaintiffs' claim would necessarily be barred by limitations. *See Draper*, 638 N.E.2d at 1180 (holding that wife, as beneficiary of deceased husband's insurance policy, could not bring action against insurance company for wrongful termination of policy since husband was notified of the termination during his life and limitations period for his claim lapsed before he died).

8

The undisputed facts in the record show that Louis Liewehr signed the 2003 Deed on October 24, 2003. Defendant's L.R. 7056-1 Statement states as a fact that "[o]n October 24, 2003, Louis conveyed the Property by quitclaim deed to Mary." (L.R. 7056-1 Stmt. ¶ 4.) This fact is supported by a copy of a quitclaim deed bearing Louis's signature. (L.R. 7056-1 Stmt. Ex. F.) Attached to the deed is an affidavit from a notary attesting to the authenticity of Louis's signature. (*Id.*) Because Plaintiffs failed to challenge these facts in a 7056-2 Response, they are deemed admitted for purposes of this Motion. *See* L.R. 7056-2(B). Any claim that Louis's signature was forged was negated by this. Louis's signature on the 2003 Deed put him on notice of his change in the Property's title. By the time Louis died in December of 2009, more than six years had passed since the recording of the 2003 Deed. Any cause of action Louis had concerning the conveyance of his interest in the Property became barred by limitations before he died. Therefore, Plaintiffs' attempt to enforce his cause of action is similarly barred.

Plaintiffs have presented no competent evidence to challenge the authenticity of Louis's notarized signature on the 2003 Deed or the notary's affidavit attached to the deed. Nor do any of Defendant's admissions in her Answer (even when viewed in the light most favorable to Plaintiffs) give rise to a disputed issue of material fact. Though Louis suffered a stroke in 1998, it cannot be reasonably inferred from this alone that he was therefore incompetent to travel or execute a deed to his property. In fact, Plaintiffs readily admit that their father retained the ability to make decisions and manage his own affairs following his stroke. (Compl. ¶ 17.) While Plaintiffs allege many facts suggesting that their father's signature might have been forged, allegations and speculation do not substitute for evidence in opposing undisputed facts established through summary judgment procedures.

## CONCLUSION

For the foregoing reasons, the Motion of Defendant Mary C. Klauck for Summary Judgment on the Complaint of Plaintiffs Diane L. Liewehr and Marie S. Berberich will be granted by separate order.

ENTER:

JACK B. SCHMETTERER
United States Bankruptcy Judge

Dated this 19th day of December 2012.